JOHN M. LAUF, Defendant in Error, vs. MICHAEL J. CA-
HILL et al. Plaintiffs in Error.

*Opinion filed December 17, 1907.*

MORTGAGES—*proof of equities in favor of grantor in trust deed must be clear.* While the grantor in a trust deed, upon foreclosure by one who purchased the deed and note secured thereby before maturity, may interpose any valid defense which he might have interposed had the proceeding been instituted by the purchaser's assignor, yet the proof to sustain such defense must be clear.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. HENRY B. WILLIS, Judge, presiding.

DICKINSON & HAREMSKI, (JOSIAH BURNHAM, of counsel,) for plaintiffs in error.

ALVIN H. CULVER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a foreclosure proceeding to foreclose a trust deed executed October 26, 1898, to the Security Title and Trust Company upon certain real estate in the city of Chicago, to secure a note of even date with said trust deed for the sum of $1300, due three years after date, with interest at six per cent per annum, the interest payable semi-annually in accordance with coupon notes attached to said principal note. The indebtedness the note and trust deed were given to secure was due from Michael J. Cahill to James B. Ryan. The note was made payable to Cahill's order and was by him endorsed in blank and delivered to Ryan. It subsequently passed into the hands of and became the property of defendant in error. The defense interposed by Cahill was, that after the loan from Ryan to him of the $1300 and the

execution of the note and trust deed, he procured another loan from Ryan, to secure which he executed his note for $2000 and a trust deed on other real estate, but claims that Ryan only advanced him $1300 on said $2000 loan, and he sought to have the $700 alleged deficiency credited on the $1300 indebtedness. Cahill further claimed that as the publisher of newspapers he had done advertising for the business of defendant in error and his daughter, of the value of $878.80, for which he also claimed credit. The cause was referred to Thomas J. Holmes, a master in chancery. He appears to have made a report which was not approved, and the cause was referred back to him to take further proofs and report. Before another report was made Mr. Holmes' term of office as master had expired, and the record shows that by agreement of the parties he was appointed a special commissioner to complete the taking of the testimony and report his conclusions thereon. Subsequently the special commissioner filed his report, with the evidence, and his conclusions thereon. He disallowed the credits claimed by the plaintiff in error Michael J. Cahill, and reported that there was due defendant in error, for principal and interest and for moneys paid to redeem the mortgaged property from tax sale and for continuation of the abstract, $1609.15; also $150 for solicitor's fees. Exceptions to the master's report were overruled by the court and a decree entered in accordance with said report. To reverse that decree defendants in the court below sued out a writ of error from the Appellate Court for the First District. That court affirmed the decree of the circuit court, and the case is brought here for review by writ of error from this court to the Appellate Court.

Plaintiffs in error have filed an elaborate brief in support of the proposition that even if defendant in error had become the owner, before maturity, of the note secured by the trust deed sought to be foreclosed, in a foreclosure proceeding in a court of chancery the grantor in a trust deed would have the right to make any defense against the as-

signee of the note and trust deed that he could have made to a foreclosure proceeding instituted by the original owner of the note and trust deed. This has been too often decided to be the law in this State to be open to question. The report of the master, however, was not based on the theory that defendant in error was an innocent purchaser, against whom equities existing between the grantor and the original owner of the note and trust deed could not be interposed as a defense to a foreclosure. It was not contended by plaintiff in error Cahill that the note and trust deed were not executed to secure to Ryan a then existing *bona fide* indebtedness. His claim was, that he had caused to be paid to Ryan $2000 to procure the release of a mortgage given to secure a note given in 1899 for a loan for that amount, when, in fact, he had received from Ryan only $1300 on said loan; also, that he had done certain advertising of the business of the defendant in error and his daughter. After setting out the claims and defenses sought to be interposed by Cahill, the master reported "that the proof in support of the above contentions on the part of the defendant is not of that direct, positive and preponderating kind which I deem necessary to support such contentions in this case." It was upon this report and conclusion that the decree was entered in the court below, and the Appellate Court, upon a review of the evidence, affirmed that decree. The only witnesses whose testimony bears upon the defenses interposed by Cahill were Cahill himself and defendant in error. We have read their evidence from the record, and in our opinion the decree was right and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*